IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**TERRY AUSTIN POOL,**

       **Petitioner,**

   v.           CASE NO. 16-3148-JWL

**JASON STREEVAL[1],**

       **Respondent.**

**MEMORANDUM AND ORDER**

   This matter is a petition for habeas corpus filed under 28 U.S.C. § 2241. Petitioner, a prisoner in federal custody, challenges actions by the United States Parole Commission ("Commission"). He seeks immediate release from confinement.

**Background**

   On February 13, 1978, petitioner was sentenced to a term of three years in the U.S. District Court for the Central District of California.

   On April 29, 1978, while assigned to a halfway house, petitioner was arrested for a drug offense. He was held in state custody until mid-November 1978 and then was transferred to federal custody. On November 27, 1978, his probation was revoked and he was sentenced to three years.

   On March 12, 1979, the Commission held petitioner's initial parole hearing. The hearing examiner assessed a Salient Factor Score of 1, rated petitioner's offense severity as "moderate," and

---

[1] The Court substitutes Acting Warden Jason Streeval as the respondent in this matter. *See* 28 U.S.C. § 2242 (the proper respondent to a habeas corpus petition is the person having custody over the petitioner).

calculated a guideline range of 24 to 32 months. On April 5, 1979, the Commission issued a notice of action that continued petitioner to the expiration of his sentence and imposed a special condition of drug aftercare.

In May 1979, petitioner and another inmate murdered a third inmate. On July 9, 1980, petitioner was sentenced to life imprisonment for first degree murder and conspiracy to commit murder.

Petitioner became eligible for parole in September 1988, but he waived consideration at that time. His initial hearing was conducted on January 27, 2010. The hearing examiner assigned a salient factor score of 1 and offense severity category of 8. The examiner also calculated a base guideline range of 180+ months and rescission guidelines of 188 to 286 months for a total guidelines range of 368+ months. At the time of the hearing, petitioner had served 377 months. On March 23, 2010, the Commission issued a notice of action continuing petitioner to the expiration of his sentence.

On October 24, 2011, the Commission held a hearing to decide whether petitioner should be released on mandatory parole under 18 U.S.C. § 4206(d). Based upon petitioner's prison disciplinary history, lack of institutional programming, and original offense, the hearing examiner concluded there was a high probability that petitioner would reoffend if released.

On November 30, 2011, the Commission designated petitioner's case as original jurisdiction. This designation, authorized by 28 C.F.R. § 2.17, allows certain prisoners, including those serving life sentences, to be reviewed by every commissioner before the Commission may enter a final decision. 28 C.F.R. § 2.17(a). If the commissioners disagree, the majority vote determines the result. *Id*.

On December 16, 2011, the Commission denied mandatory parole and continued petitioner to the expiration of his sentence, citing his homicide conviction and his disciplinary history, which included three assaults in the preceding 10 years that involved serious injury.

On December 19, 2013, the Commission conducted a statutory interim hearing. A panel voted to again deny mandatory parole and continue petitioner to the expiration of his sentence. This notice is signed by two hearing examiners and one commissioner (Doc. #1, Ex. C). The matter then was referred to the full Commissioner to review the panel's recommendation (*Id.*, Ex. D).

On February 14, 2014, a single commissioner signed the Commission form for removal from original jurisdiction (*Id.*, Ex. E).

## Issues

Petitioner contends he is entitled to immediate release because a single commissioner, rather than a majority of the Commission, voted to deny his mandatory parole. He also claims the Commission's actions were arbitrary and capricious because it failed to calculate parole guidelines and lacked good cause for the decision to deny parole, the hearing examiner made off-the-record remarks to petitioner concerning the likelihood of parole, and the Commission ignored petitioner's administrative appeals. Finally, petitioner broadly asserts the Commission's actions denied him due process.

## Discussion

**Standard of review**

A petition filed under 28 U.S.C. § 2241 is "an attack by a person in custody upon the legality of that custody, and …the traditional function of the writ is to secure release from illegal custody." *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir.

1997)(quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)). The standard of review in the context of a petition challenging a decision to deny parole is narrow, see *Peltier v. Booker*, 348 F.3d 888, 892 (10th Cir. 2003), and the habeas court determines whether the decision is arbitrary and capricious or an abuse of discretion. *Gometz v. U.S. Parole Comm'n*, 294 F.3d 1256, 1260 (10th Cir. 2002)("We will not disturb a decision by the Parole Commission 'unless there is a clear showing of arbitrary and capricious action or an abuse of discretion.'")(internal citation omitted).

The United States Supreme Court has stated that a prisoner has no constitutional right to be released from prison prior to the expiration of a valid sentence. *See Swarthout v. Cooke*, 562 U.S. 216, 220 (2011). However, when a liberty interest exists, the Due Process Clause requires fair procedures. *See id*.

**Exhaustion**

Generally, a federal prisoner must exhaust available administrative remedies before commencing a habeas corpus petition under 28 U.S.C. § 2241. *Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986)(per curiam). However, under narrow circumstances, exhaustion may be excused where it would be futile. *See e.g. Fairchild v. Workman*, 579 F.3d 1134, 1155 (10th Cir. 2009)(discussing futility exception in context of habeas corpus action filed under 28 U.S.C. § 2254) and *Fazzini v Northeast Ohio Correctional Center*, 473 F.3d 229, 236 (6th Cir. 2006)(same in context of cases filed under Section 2241).

Petitioner states he filed an appeal with the Commission on March 7, 2014, upon learning of the February 2014 denial of parole. In May 2014, he mailed an inquiry concerning the status of the appeal, and

in June 2014, he mailed a second inquiry. He received no reply to either the appeal or the two letters, and in mid-June 2014, petitioner's case manager sent an additional inquiry by e-mail on his behalf. The case manager sent a second inquiry on July 9, 2014, and faxed a copy of petitioner's June letter concerning his appeal status.

A representative of the Commission confirmed receipt of the faxed copy and advised that the faxed letter had been sent to the Commission's Correspondence Unit. In July 2014, petitioner received a letter stating the Commission had never received his appeal, his correspondence, or the June e-mail from his case manager. However, the letter advised petitioner that he could resubmit his appeal. Petitioner resubmitted the appeal by certified mail and received a return receipt. However in November 2014, a unit secretary at the prison sent a status inquiry to the Commission by e-mail and received no reply. Petitioner has not received a response to the appeal.

Respondent does not challenge petitioner's exhaustion of remedies, and the Court is persuaded that any additional effort to seek administrative review by the Commission would be futile.

**Original jurisdiction**

Petitioner's case was designated as an "original jurisdiction" matter on November 30, 2011. This designation, which may be applied to those who committed particularly serious or notorious offenses, requires that any future parole decisions concerning the offender be made by a majority vote of the Commissioners. 28 C.F.R. § 2.17.

Following this designation, the Commission twice issued decisions to deny petitioner mandatory parole and continue to expiration, in December 2011 and again in February 2014. Petitioner challenges the latter decision.

The record shows that on December 19, 2013, the hearing examiner recommended the denial of parole. On January 2, 2014, another hearing examiner and Commissioner Charles Massarone signed the denial recommendation (Doc. #1, Ex. C). On January 28, 2014, the denial recommendation was circulated to the remaining commissioners (Ex. D). No other commissioner signed the recommendation, and on February 14, 2014, Commissioner Massarone attempted to remove the original jurisdiction designation (Ex. E). On February 18, 2014, petitioner was notified of the decision to deny parole.

Petitioner contends the denial of parole is invalid because the decision was not made by a majority of the Commission, as required by the original jurisdiction designation. Respondent contends the removal of the original jurisdiction of a single commissioner is permissible.

Original jurisdiction cases are governed by 28 C.F.R. § 2.17. The provisions relevant to the designation provide:

> (a) Following any hearing conducted pursuant to these rules, the Regional Commissioner may designate that a case should be decided as an original jurisdiction case. If the Regional Commissioner makes such a designation, the Regional Commissioner shall vote on the case and then refer the case to the other Commissioners for their votes. The decision in an original jurisdiction case shall be made on the basis of a majority vote of Commissioners holding office at the time of the decision.
>
> […]
>
> (c)(1) A case found to be inappropriately designated for the Commission's original jurisdiction, or to no longer warrant such designation, may be removed from original jurisdiction under the procedures specified in paragraph (a) of this section following a regularly scheduled hearing or the reopening of the case pursuant to § 2.28. Removal from original jurisdiction may also occur by majority of the Commission considering a petition for reconsideration pursuant to § 2.27. Where the circumstances warrant, a case

>     may be redesignated as original jurisdiction pursuant to
>     the provisions of paragraphs (a) and (b) of this section.

28 C.F.R. § 2.17.

Neither party to this action has identified specific authority for its reading of the regulation, nor has the Court's research located any case law that provides clear guidance.

Having considered the record, however, the Court is persuaded that the decision to remove an original jurisdiction designation is one that must be approved by a majority of commissioners rather than a single commissioner. First, the regulation clearly states that a decision in an original jurisdiction case will be determined by a majority of commissioners. The approach advanced by respondent would allow the scenario that appears here, namely, a single commissioner whose decision is not supported by the votes of additional commissioners in an original jurisdiction case could simply remove the designation, avoiding the purpose of the designation.

Next, the materials developed by the Commission contemplate that multiple votes are required to remove the original jurisdiction designation. The Commission's form captioned "ORIGINAL JURISDICTION DESIGNATION" contains a section for the declassification of a case currently designated as original jurisdiction. The instruction reads "(Declassifying a Case currently Designated – Majority Vote Only)" followed by four signature lines (Doc. #1, Ex. E).

Finally, the Commission's Rules and Procedures Manual supports the position that a majority vote is required to declassify an original jurisdiction designation:

>     2.17-05 *Declassification*. Where a case has been previously
>     designated as original jurisdiction and the Regional
>     Commissioner believes it no longer warrants such
>     classification, he may refer the case to the National

> Commissioners for declassification. The Regional Commissioner shall also vote on the substantive case decision. The National Commissioners shall first vote on declassification. If declassified, the case shall be treated as non-original jurisdiction case and returned for processing, unless the Regional Commissioner's proposed decision requires action under 2.24(a). If not declassified, the case shall be processed under original jurisdiction procedures.[2]

The Court concludes that the Commission erred in failing to decide petitioner's December 2013 parole hearing by a majority vote and that the effort to declassify the matter by a single vote was improper.

**The remedy**

Petitioner seeks immediate release due to the errors in conducting his parole review. Generally, a federal court considering a habeas corpus action challenging the denial of parole may not grant parole or determine the petitioner's eligibility for parole. *Billiteri v. U.S. Bd. of Parole*, 541 F.2d 938, 944 (2d Cir. 1976). *See also Clifton v. Easterling*, 2016 WL 918049 at *7 (W.D. Tenn. Mar. 8, 2016)("The appropriate remedy for the denial of procedural due process in parole revocation hearings is a new hearing.")(citation omitted). The Court concludes the remedy afforded by a new hearing is appropriate here, as it will allow the Commission to properly process the hearing under its original jurisdiction designation and to exercise its expertise in evaluating petitioner's suitability for parole by making all necessary findings. *See Bowers v. Keller*, 651

---

[2] https://www.justice.gov/sites/default/files/uspc/legacy/2011/12/30/uspc-manual111507.pdf at p. 30.

F.3d 1277 (11th Cir. 2011)(declining to grant immediate release despite its decision that the Commission's conduct during mandatory parole proceedings was clearly erroneous).

Finally, while the record suggests that petitioner received a parole hearing during the pendency of this action[3], there is no suggestion that that hearing proceeded under an original jurisdiction designation or that the present matter is otherwise moot. Accordingly, the Court concludes that the procedural errors that denied petitioner due process are not rendered moot by the August 2016 hearing.

IT IS, THEREFORE, BY THE COURT ORDERED the petition for habeas corpus is granted. The U.S. Parole Commission is directed to conduct a new hearing within ninety (90) days of the date of this order and considering petitioner's case as an original jurisdiction matter.

**IT IS SO ORDERED.**

DATED:  This 18th day of October, 2016, at Kansas City, Kansas.

s/ John W. Lungstrum
JOHN W. LUNGSTRUM
U.S. District Judge

---

[3] Respondent reports that petitioner was scheduled for a hearing on August 18, 2016. Doc. #17 at p. 13.