IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**TERRY AUSTIN POOL,**

               **Petitioner,**

      v.                            CASE NO. 16-3148-JWL

**NICOLE ENGLISH,**

               **Respondent.**

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner's second motion for order of immediate release (Doc. #25).

### Background

On October 18, 2016, the Court granted habeas corpus relief and directed the United States Parole Commission ("Commission") to provide petitioner with a new parole hearing within ninety (90) days, considering the case as an original jurisdiction matter.

On January 20, 2017, the respondent advised the Court that due to an error in communication, the hearing was not conducted within the time allowed. On January 23, 2017, the Court advised the parties that unless a hearing were conducted by February 1, 2017, the Court would hear argument on petitioner's motion for immediate release.

On January 31, 2017, the Commission notified the Court that the hearing had been held that day. On the same day, petitioner filed the present motion for immediate release.

### The motion

Petitioner contends the new hearing conducted by the Commission was so defective that it failed to provide him with a hearing as

contemplated by parole statutes. He cites the failure to provide him with prior access to documents to be considered by the Commission and a failure to notify him of the material, specifically, institutional misconduct reports and a letter opposing his release, that it would consider in making a decision.

## Discussion

Petitioner claims the Commission failed to disclose the appropriate documents concerning his institutional disciplinary history and a letter opposing his release. As a result of this failure, he was unable to respond in detail to the hearing examiner's questions concerning his institutional history or to address the letter opposing his release.

The statutes governing parole proceedings contemplate that thirty days before a proceeding, the prisoner will receive notice of the time and place of the hearing and "reasonable access to a report or other document to be used by the Commission in making its determination." 18 U.S.C. § 4208(b).

Ordinarily, at least 60 days before a statutory interim hearing is conducted, the prisoner will receive notice of the right to request disclosure of the documents to be considered by the Commission. 28 C.F.R. § 2.55(a). At a statutory interim hearing, the Commission only considers "significant developments or changes … since the initial hearing or a prior interim hearing" and the disclosure requirement is limited to relevant documents. 28 C.F.R. § 2.55(b).

### The disciplinary reports

The materials before the Court show that petitioner has had ten serious disciplinary incidents during his incarceration. The most recent of these disciplinary incidents occurred in May 2009. and the

incidents were considered at parole hearings conducted in 2010, 2011, 2013, and 2016. *See* Doc. #34, Ex. A. Hearing Summary dated February 11, 2010, pp. 2-4; Ex. C., Hearing Summary dated November 11, 2011, pp. 2-4; Ex. F., Post Hearing Assessment dated December 23, 2013, p.2; and Ex. I, Mandatory Parole Hearing and Prehearing Summary, dated March 11, 2016, pp. 3-4.

Likewise, the record shows that on January 24, 2017, petitioner and his institutional case manager signed a progress report that included his disciplinary history, including dates, infractions, and disciplinary action. The report also contained information concerning his programming and institutional adjustment. *Id.*, Ex. M.

### The letter opposing release

Petitioner also complains of the failure to provide him with a letter opposing his release. The Commission may not disclose information where that disclosure "might result in harm, physical or otherwise, to any person." 18 U.S.C. § 4208(c)(3). Where such an exclusion is necessary, the Commission must "summarize the basic contents of the material withheld…and furnish such summary to the inmate." *Id*.

By a letter dated July 21, 2014, the Commission provided a statement that it was withholding a victim letter of opposition, described as nine pages in length, dated September 29, 2011. Doc. #34, Ex. N. While that statement provides no information concerning the particular contents of the letter, the petition in this matter suggests that petitioner had received information earlier from the Commission that the letter was written by his sister. Doc. #1, Supporting Memorandum, pp. 8-9 (alleging petitioner's sister seeks control of their mother's estate).

The record shows that petitioner did not have access to the disciplinary reports or the letter opposing his release. However, it is also clear that by the time of the January 2017 hearing, neither the disciplinary incidents nor the letter in opposition presented new material concerning a development or change occurring since a prior interim hearing as contemplated by the governing regulation. In this context, the Court is persuaded that the documentation provided to petitioner was adequate. The petitioner's rights in a parole hearing are limited in scope, and the petitioner's disciplinary history, in particular, had been referenced in at least three earlier hearings. *See Greenholtz v. Inmates of the Neb. Penal & Corr. Complex*, 442 U.S. 1, 9-10, 14 (1979)(discussing factual and predictive appraisals involved in parole decisions and noting that the "full panoply of due process required to convict and confine" is not required in parole hearings).

Finally, the Court concludes the remedy sought by petitioner, immediate release, should not be granted. If the Commission's decision is adverse to him, petitioner will have an available administrative remedy that will allow an orderly review of the alleged error. Release is an extreme remedy that is not favored by the courts. *See Hilton v. Braunskill*, 481 U.S. 770, 775 (1987)("[The Supreme] Court has repeatedly stated that federal courts may delay the release of a successful habeas petitioner in order to provide the State an opportunity to correct the constitutional violation found by the court."). Where, as here, petitioner has a viable appellate procedure, release is not warranted.

IT IS, THEREFORE, BY THE COURT ORDERED petitioner's second motion for immediate release (Doc. #25) is denied.

**IT IS SO ORDERED.**

DATED:   This 15th day of February, 2017, at Kansas City, Kansas.

s/ John W. Lungstrum
JOHN W. LUNGSTRUM
U.S. District Judge
